UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN PABLO, et al.,<br><br>    Defendants. | Case No. 23-cv-05525-DMR<br><br>**ORDER ON MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 15, 37 |

Plaintiff Raimi Shoaga, representing himself, brings this case against Defendant City of San Pablo ("San Pablo"), the individual unnamed San Pablo police officer(s) who authorized the towing of his car ("Officer Defendants") (collectively, the "San Pablo Defendants") and Oliver Towing Inc. ("OTI").[1] On January 2, 2024, the San Pablo Defendants moved to dismiss all of Plaintiff's claims. [Docket No. 15 (SP Mot.).] On February 23, 2024, OTI also moved to dismiss all claims. [Docket No. 37 (OTI Mot.).] The court held a hearing on both motions on May 23, 2024 and ordered supplemental briefing, which subsequently was filed. [Docket Nos. 54 (Minute Order); 58 (SP Supp.); 59 (OTI Supp.).]

For the following reasons, the court grants both motions. Judgment is entered in favor of OTI. Plaintiff is granted leave to amend his complaint against the San Pablo Defendants only if he can allege facts supporting a claim for violation of the Fourth Amendment.

**I.  BACKGROUND**

    **A.  Procedural History**

Plaintiff filed this complaint on October 27, 2023. [Docket No. 1 (Compl.).] The

---

[1] Plaintiff also brought his complaint against the City of Richmond, but later voluntarily dismissed the City of Richmond from the case. [Docket No. 40.] The Officer Defendants were not included in the complaint, but at the May 23, 2024 hearing, Plaintiff stated that he intended to bring his claims against them as well.

complaint is somewhat confusing.  In their motions, Defendants challenge some claims that Plaintiff does not bring and fail to address some claims that he does.  At the May 23, 2024 hearing, the court asked Plaintiff to clarify (1) the facts of his case; (2) the defendants against whom he brings his claims; and (3) the nature of his constitutional claims.  Minute Order.  The court then ordered supplemental briefing from Defendants solely to address Plaintiff's constitutional claims as he explained them in the hearing.  *Id.*  The court ordered Defendants to treat the facts alleged at the hearing as part of Plaintiff's complaint.  *Id.*

### B. Statement of Facts

Plaintiff makes the following allegations in the complaint and at oral argument, all of which are taken as true for purposes of these motions to dismiss.[2]  On December 8, 2022, Plaintiff's car was towed under the authority of the San Pablo Police Department (SPPD).  Compl. ¶ 8, Ex. A.  The SPPD issued Plaintiff a Notice of Stored Vehicle, which states that his car was towed from the intersection of Rivers St. and Del Camino Dr. because of a violation of California Vehicle Code section 22651(o)(A)-(B) (having a car registration that is more than 6 months expired, or displaying a registration, license plate, or permit that wasn't issued to that car).  *Id.*  Plaintiff's car was towed by OTI and brought to an OTI facility in Richmond.  *Id.*  A few days after Plaintiff's car was towed, he went to OTI to retrieve his car.  Minute Order.  However, OTI told Plaintiff he had to pay over a thousand dollars for the release of his car.  *Id.*  Plaintiff has not paid the release fee, and his car was never returned to him.  *Id.*

Plaintiff brings five claims against all Defendants: 1) violation of 42 U.S.C. § 1983, 2) conversion, 3) abuse of process, 4) civil conspiracy, and 5) intentional infliction of emotional distress.

## II. LEGAL STANDARDS

Pleadings by a self-represented litigant must be liberally construed and "held to less

---

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).  As noted, the court also accepts as true the factual allegations made by the self-represented Plaintiff at oral argument, as Plaintiff can amend his complaint to add them.

stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). "This duty applies equally to pro se motions." *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020). However, "a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled." *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). However, leave to amend may be denied where the complaint "could not be saved by any amendment," i.e., "where the amendment would be futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

**A. FRCP 12(b)(4)**

Federal Rule of Civil Procedure 4 requires that a summons must name the court and the parties; be directed to the defendant; state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; state the time within which the defendant must appear and defend; notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; be signed by the clerk; and bear the court's seal. Fed. R. Civ. P. 4(a)(1). Defendants must be served in accordance with Rule 4, or the court has no personal jurisdiction. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject

3

defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (internal citations omitted). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Dismissal of the complaint because of a technical error in the form of service is "generally not justified absent a showing of prejudice" on the part of the defendant. *Id.*

### B. FRCP 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

## III. DISCUSSION

Defendants move to quash the summons and service of process as improper under Federal Rules of Civil Procedure 12(b)(4). SP Mot. 3; OTI Mot. 5. Defendants also move to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. SP Mot. 4; OTI Mot. 5-6.

### A. Sufficiency of Process

Defendants move to dismiss Plaintiff's complaint because Plaintiff served them with a summons that was undated and unsigned by the Court Clerk, and that failed to bear the seal of the

4

Court.  SP Mot. 6; OTI Mot. 6.  This is a technical violation of Rule 4(a)(1)(F)-(G).  No Defendant states they were prejudiced in any way by this error in the form of service.  The court finds that Defendants received sufficient notice of the complaint and denies their motions to dismiss under Rule 12(b)(4).  *See United Food & Com. Workers Union*, 736 F.2d at 1382 (finding that a motion to dismiss was not warranted where the summons incorrectly stated how many days the defendant had to answer the complaint).

### B.  Section 1983

Plaintiff brings his first claim under 42 U.S.C. § 1983 alleging (1) an unreasonable seizure of his car under the Fourth Amendment, and (2) an excessive fine under the Excessive Fines Clause of the Eighth Amendment.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v. Va. Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Nunn v. LeBlanc*, No. C 14-0905 PJH, 2014 WL 1089551, at *3 (N.D. Cal. Mar. 17, 2014) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).  To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).  In any section 1983 claim, the plaintiff must show that the defendant acted "under color of state law."  *See McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000).  This requires that the defendant "exercised power possessed by virtue of state law and made possible only because the defendant is clothed with the authority of state law."  *Id.*

#### 1.   Fourth Amendment

To assert a violation of his Fourth Amendment rights, Plaintiff must show that his car was towed and impounded as a result of an "unreasonable search[] and seizure[]."  U.S. Const. amend. IV.  A seizure is a "meaningful interference with an individual's possessory interests in [their]

5

property." *Soldal* v. *Cook County*, 506 U.S. 56, 61 (1992). "A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). One such exception is the "community caretaking" function, which allows police officers to impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic." *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005) (citing *S. Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976)). "Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." *Id.* (citing *United States v. Jensen*, 425 F.3d 698, 706 (9th Cir. 2005)).

Plaintiff pleaded that his car was seized without a warrant. In response, the San Pablo Defendants and OTI both invoke the community caretaking doctrine. SP Supp. 4-5; OTI Supp. 2. Under this doctrine, "[a]n impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." *Miranda*, 429 F.3d at 865. Plaintiff attaches the Notice of Stored Vehicle to his complaint. Compl. Ex. A. It states that the car violated California Vehicle Code section 22651(o)(A)-(B), which governs removal of a vehicle with an expired or improper registration. *Id.* The Notice also states that Plaintiff's car was in a public location—the intersection of Rivers St. and Del Camino Dr.—as opposed to a private driveway. *Id.* Under California law, driving an unregistered car poses a public safety hazard because the car may not have undergone necessary environmental and safety inspections. *See* Cal. Veh. Code § 4000.3. It is also illegal. *Halajian v. D & B Towing*, 209 Cal. App. 4th 1, 16 (2012) (citing Cal. Veh. Code § 4000(a)(1)).

Plaintiff has not alleged sufficient facts to demonstrate a Fourth Amendment violation. However, the court does not find that amendment is futile. Although driving an unregistered car poses public safety risks and is illegal under California law, the San Pablo Defendants do not have unfettered authority to tow any unregistered car on a public road without a warrant. For example, in *Andreaccio v. Weaver*, 674 F. Supp. 3d 1011, 1029 (D. Nev. 2023), the court found that the

6

community caretaking exception may not apply if there was no risk that someone would be driving the unregistered car. In *United States v. Cervantes*, 703 F.3d 1135, 1141–42 (9th Cir. 2012), the court found that a car parked at the curb in a residential neighborhood was not necessarily vulnerable to vandalism or theft. Here, it is possible that Plaintiff could amend his complaint to state a Fourth Amendment claim against the Officer Defendants, depending on the relevant details. As for Plaintiff's claim against San Pablo, a municipality is not automatically liable for the acts of its police officers. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff would have to plead far more facts to support a Fourth Amendment claim for municipal liability against San Pablo. *See, e.g., Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1026 (N.D. Cal. 2022) (describing potential theories for municipal liability).

In addition to the community caretaking doctrine, OTI's motion also invokes the good faith defense, which states that a private towing company is not liable for a section 1983 violation if it towed plaintiff's vehicle in good faith compliance with police orders. *Clement v. City of Glendale*, 518 F.3d 1090, 1097 (9th Cir. 2008). Plaintiff alleges that his car was towed under the authority of the San Pablo Police Department. Minute Order. As in *Clement,* the tow was "authorized by the police department, conducted under close police supervision and appeared to be permissible" under state law. *Clement*, 518 F.3d at 1097. Plaintiff's Fourth Amendment claim against OTI is dismissed without leave to amend.

The court grants Defendants' motions to dismiss the Fourth Amendment claim. Plaintiff is granted leave to amend his claim only against the San Pablo Defendants. In the amended complaint, Plaintiff must clearly allege facts to support a claim that the community caretaking doctrine does not apply to the impoundment of his car. If Plaintiff wishes to bring a claim against San Pablo for municipal liability, he must include additional factual allegations sufficient to support that claim.

### 2. Eighth Amendment

To assert that his rights were violated under the Excessive Fines Clause of the Eighth Amendment, Plaintiff must show that 1) the statutory provision was a fine, i.e., it imposed

7

punishment; and 2) the fine was excessive. *Wright v. Riveland*, 219 F.3d 905, 915 (9th Cir. 2000) (citing *Austin v. United States*, 509 U.S. 602, 622 (1993)). A sanction is a fine under the Eight Amendment when it "cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes." *Id.* (citing *Austin*, 509 U.S. at 610). A fine is excessive when the amount "is grossly disproportional to the gravity of the defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998). "To determine whether a fine is grossly disproportional to the underlying offense, four factors are considered: (1) the nature and extent of the underlying offense; (2) whether the underlying offense related to other illegal activities; (3) whether other penalties may be imposed for the offense; and (4) the extent of the harm caused by the offense." *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020). The Excessive Fines Clause applies to forfeitures of property as well as municipal fines. *Fitzpatrick v. City of Los Angeles*, No. CV 21-6841 JGB (SPX), 2023 WL 3318748, at *31-32 (C.D. Cal. Jan. 31, 2023) (citing *Austin*, 509 U.S. at 609-610; *Pimentel*, 974 F.3d at 922).

Plaintiff alleges that he was required to pay over a thousand dollars for the release of his car from impoundment, and since he did not pay, his car was never returned to him. Compl. ¶ 10; Minute Order. The San Pablo Defendants argues that the fees were remedial and not punitive in nature, only covering the costs of the tow program. SP Supp. 1-2. Both the San Pablo Defendants and OTI argue that even if the impoundment amounted to a fine under the Eighth Amendment, it was not excessive. *Id.* at 3-4; OTI Supp. 3-5.[3]

The San Pablo Defendants argue that the fees assessed on Plaintiff's car are necessary to cover the operational and administrative costs associated with San Pablo's tow program, and therefore the fees did not have a retributive or deterrent purpose. SP. Supp. 2. At the pleadings

---

[3] San Pablo also argues that the impoundment was not a municipal fine because the towing and storage fees were payable to OTI, a private towing company, and not the government. SP Supp. 1-2. Courts in this circuit disagree on whether fees paid to a private towing company are fines under the Eighth Amendment. See *Andreaccio v. Weaver*, 674 F. Supp. 3d 1011, 1023 (D. Nev. 2023) (finding that a private towing-company charge is not a constitutionally actionable fine because there is no payment to the sovereign); *Fitzpatrick*, 2023 WL 3318748, at *32 (finding that private towing and storage fees are fines under the Eighth Amendment where the towing company is acting under color of state law). Ultimately, the court need not decide this issue because the claim is dismissed on other grounds.

8

stage, the court cannot consider facts asserted by Defendants, such as the actual cost of the tow program. Based on Plaintiff's allegations, the court may infer that the impoundment of Plaintiff's car was at least partly punitive. Courts in this circuit have considered the impoundment of a car to be a type of forfeiture, which historically has a punitive aspect and is a fine subject to the Eighth Amendment. *Fitzpatrick*, 2023 WL 3318748, at *32 (citing *Austin,* 509 U.S. at 610-11). Plaintiff alleges that he was charged a monetary fine that was over $1,000 and, when he did not pay the fine, he was unable to retrieve his car. Plaintiff may well have pleaded sufficient facts to allege that the impoundment of his car amounted to a fine under the Eighth Amendment. However, as discussed above in footnote 3, the court does not reach this issue because Plaintiff must do more than plead a fine.

To make an Eighth Amendment claim, Plaintiff must also allege facts showing that the fine was excessive. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). Reasonable towing and storage fees are not considered excessive in cases where the car is unregistered. *See, e.g., Cornejo v. Tumlin*, No. 20-CV-05813-CRB, 2024 WL 1836506, at *4 (N.D. Cal. Apr. 25, 2024) (finding that $4,380.50 in impoundment fees was not excessive where the plaintiffs were unable to retrieve the car because they did not provide proof of vehicle registration). Here, Plaintiff cannot plead facts to support that the fees charged by OTI were unreasonable and excessive under the Eighth Amendment. Plaintiff's Eighth Amendment claim is therefore dismissed without leave to amend.

**C. Conversion Claim**

Plaintiff alleges that Defendants engaged in conversion through the wrongful taking of his car. Compl. ¶ 29.

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Welco Electronics, Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014) (citing *Los*

*Angeles Federal Credit Union v. Madatyan,* 209 Cal. App. 4th 1383, 1387 (2012)). The exercise of dominion over the property of another is not "wrongful" if it was authorized by California law. *Metal Jeans, Inc. v. California,* 737 F. App'x 826, 829 (9th Cir. 2018) (finding that the defendant did not commit conversion when he towed the plaintiff's tractor-trailer because defendant acted pursuant to CVC section 22655.5(b)). A violation of the Fourth Amendment does not support a claim of conversion under California law. *See Cotton v. Cnty. of San Bernardino,* No. EDCV182343VAPAGR, 2020 WL 5900154, at *19 (C.D. Cal. Sept. 1, 2020), *report and recommendation adopted,* No. EDCV182343VAPAGR, 2020 WL 5892026 (C.D. Cal. Oct. 2, 2020) (granting leave to amend a constitutional seizure claim but not a conversion claim regarding the impoundment of plaintiff's truck).

Plaintiff's conversion claim is dismissed because Plaintiff has not alleged that Defendants acted wrongfully in towing his car. SP Mot. 8; OTI Mot. 9. Plaintiff's complaint acknowledges that Defendants acted pursuant to California Vehicle Code section 22651(o)(A)-(B). Therefore, Plaintiff fails to state a claim for conversion. This claim is dismissed without leave to amend.

### D. Abuse of Process Claim

Plaintiff alleges an abuse of process claim against Defendants, arguing that they "acted with the ulterior motive to harass and create an undue burden on the Plaintiff by engaging in the misuse of the towing process." Compl. ¶ 34.

"Abuse of process consists of '[t]he use of the machinery of the legal system for an ulterior motive.'" *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1014 (2001) (quoting *Trear v. Sills*, 69 Cal. App. 4th 1341, 1359 (1999)). The tort requires misuse of a judicial process; it does not extend to misuse of administrative proceedings. *Id.* (citing *Stolz v. Wong Communications Limited Partnership*, 25 Cal. App. 4th 1811, 1822–1823 (1994)). Plaintiff cannot bring an abuse of process claim for "misuse of the towing process," because Defendants' impoundment of cars is not a judicial process. Compl. ¶ 23. Plaintiff has not alleged any improper use of the judicial process by Defendants. The abuse of process claim is dismissed without leave to amend.

### E. Civil Conspiracy Claim

Plaintiff alleges that Defendants engaged in civil conspiracy because OTI is "involved in

10

Predatory Towing as agents of City of San Pablo." Compl. ¶ 39.

"Civil conspiracy is not an independent tort. Instead, it is 'a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.'" *City of Indus. v. City of Fillmore*, 198 Cal. App. 4th 191, 211–12 (2011) (quoting *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–511 (1994)). "The elements of a civil conspiracy are (1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; (2) a wrongful act committed pursuant to the agreement; and (3) resulting damages." *Id.* at 212. The conspiring defendants must have "actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose," combined with the "intent to aid in its commission." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1582 (1995).

As discussed above, Plaintiff has not pleaded a wrongful act. Plaintiff also has not alleged any facts indicating that Defendants had the necessary knowledge or intent to commit a wrongful act. *See Kidron*, 40 Cal. App. 4th at 1582. Moreover, the claims against OTI have been dismissed without leave to amend. Therefore, the civil conspiracy claim is also dismissed without leave to amend.

### F. Intentional Infliction of Emotional Distress Claim

Plaintiff alleges that Defendants are liable for intentional infliction of emotional distress (IIED) because they "engaged in blatant civil conspiracy to deprive the Plaintiff out of their rights as prescribed through the due process of law." Compl. ¶ 45.

"A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993)). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized

community.'" *Id.* at 1050-51 (quoting *Potter*, 6 Cal. 4th at 1001). "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Potter*, 6 Cal. 4th at 1004 (quoting *Girard v. Ball*, 125 Cal. App. 3d 772, 787–788 (1981).

Plaintiff has not pleaded extreme or outrageous conduct by Defendants, and as stated above, Plaintiff has failed to allege that Defendants are liable for any tort or constitutional violation. Moreover, Plaintiff has not alleged any facts establishing severe or extreme emotional distress caused by Defendants. The claim is dismissed without leave to amend.

## IV. CONCLUSION

OTI's motion to dismiss is granted, and judgment is entered for OTI and against Plaintiff.

San Pablo and the Officer Defendants' motion to dismiss is granted in part. Plaintiff is granted leave to amend his complaint to state a section 1983 claim for violation of the Fourth Amendment against the San Pablo Defendants. All other claims are dismissed with prejudice.

**Plaintiff must file an amended complaint by September 26, 2024. The amended complaint must stand alone. It must contain all allegations in one pleading and cannot refer to other pleadings. Failure to file a timely amended complaint may result in dismissal of the case for failure to prosecute.**

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: August 27, 2024

DONNA M. RYU
Chief Magistrate Judge